Matthias, J.
The fines which are the subject of this controversy were assessed upon' persons convicted of the violation of Sections 6212-13 to 6212-20, General Code, within the territorial limits of the city of Cincinnati, but the prosecution for such offenses was before the defendant Albert H. Barth, a justice of the peace of Millcreek township, Hamilton county. No question is made as to the county-wide jurisdiction of the justice of the peace to hear and determine the charges for violations of the law generally known as the Crabbe act. That jurisdiction is conferred by Section '6212-18, General Code; nor is any question made as to the disposition of fines assessed for the prosecutions had before such justice of the peace in his office in Millcreek township in Hamilton county, though the violations occurred within the city of Cincinnati, but it is contended that because the prosecutions, as a result of which such fines were assessed, were held before such justice of the peace within the limits of the city of Cincinnati, one-half of the fines so assessed must go into the treasury of the city.
Section 6212-19, General Code, provides for the disposition of fines assessed in such cases, and the construction of the language of this section must determine the question in controversy. If provides as follows: “Money arising from fines and forfeited bonds shall be paid one-half into the state treasury *157 credited to the general revenue fund, one-half to the treasury of the township, municipality or county where the prosecution is held, according as to whether the officer hearing the ease is a township, municipal, or county officer.”
The city of Cincinnati is in Cincinnati township, but the township and city have been merged, and duties formerly performed by officers of the township now devolve’ upon certain officers of the city. For the purpose of a consideration of the question here presented, therefore, it may be assumed that under the provisions of Section 3512, General Code, any claim which the township would have had but for such merger would now inure to the benefit of the city. Do the provisions of Section 6212-19, General Code, require that one-half of such fines go to the treasury of the city of Cincinnati, where the prosecutions were held, or to the treasury of the township before whose justice of the peace the cases were prosecuted, wherein such fines were assessed and collected?
The conclusion that these fines go to the city has been based primarily on the consideration of the words of the section, “one-half to the treasury of the township, municipality or county where the prosecution is held.” But the purpose and intent of the legislature is more clearly disclosed by the determinative words immediately following the language above quoted. The meaning thereof is plain, though the expression is somewhat crude. They are as follows: “According as to whether the officer hearing the case is a township, municipal, or county officer.” When this entire sentence is considered, it must be concluded that “where the prosecution is held” has *158 not reference to the geographical location of the place of hearing but rather to the tribunal or official before whom the case is tried. In this instance that official was the justice of the peace of Millcreek township, and that was “where the prosecution was held,” whether it was conducted in his office within the limits of his own township, or, under the permissive provisions of the statute, for the purpose of the convenience of the defendant* or witnesses or otherwise, he conducted the actual hearing of the case elsewhere. If a search warrant, and warrant for arrest, were issued from his office in Millcreek township, it could properly be said that that was “where the prosecution was held” even though the hearing thereof was not actually conducted within the bounds of Millcreek township.
If such prosecutions were before a county officer, for instance the common pleas judge or probate judge, that would be within a municipality and within a township, but it must be conceded that in such case one-half the fines would go into the treasury of the county; and so, if the prosecution were before a justice of .the peace, whose office was within a municipality, which was a part of his township, concededly one-half of the fines would go into the treasury of the township before whose officer the prosecution was had. Surely it was not contemplated by the legislature that the subdivision which should receive one-half of the fines assessed in such cases could be arbitrarily determined by the officer before whom the prosecution was instituted by the mere physical change of his own location at the time of the hearing of the case. The fact that such magistrate is authorized to hear anywhere in the county a case *159 of the character of that here involved does not operate to make such magistrate an officer of the subdivision where the case is actually heard. That merely extends his jurisdiction in such cases. Under the law, he has jurisdiction in such cases throughout the county and may issue process from the township where he resides and require that the case be actually tried there. In any event the process issued is not that of a justice of the peace of Cincinnati township, but of Millereelc township, and the prosecution was in the court of the justice of the peace of Mill-creek township.
Upon the view that “where the prosecution is held” has reference to the magistrate or court and not to the geographical place of trial, no difficulty can arise in any case in the application of the provisions of this statute, nor in the determination of the question which treasury is entitled to such funds, but any other interpretation leads to contradiction and confusion. In such situation the proper, conclusion is dictated by elementary principles of statutory construction.
Without quoting at length from the opinion of the court in the ease of City of Mt. Vernon v. Mochwart, Clerk, 75 Ohio St., 529, involving a similar question, we call attention to the application of the rule therein that the fundamental inquiry in all judicial construction is to ascertain the intention of the legislature, and the object to be attained by the particular enactment. In that ease the court held adversely to the contention, that, under a section of the Beal local option law which provided that fines collected therein should go to the treasury of the municipality wherein such fines were imposed, the disposition of *160 the fines was “ determined solely by the locus of the court imposing the fine,” and held that fines imposed by the common pleas court could not go into the treasury of the municipality where the violation was committed, or of the municipality wherein the court was held, but should go into the treasury of the county.
The judgment of the court of appeals is reversed.

Judgment reversed-

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.
Wanamaker, J., not participating.